# Campbell's Estate.

*Landlord and tenant—Rent—Limited partnership association.*

Where two tenants of leased premises organize with another person a limited partnership association, and the association goes into possession of the premises by the verbal permission of the two individual lessees, but without any ratification of the lease on the part of the limited association, or any assumption of liability for the payment of rent, except as a

subtenant, the landlord cannot recover from the association rent which accrued after the assignment by the association for the benefit of creditors and the consequent vacation of the premises by it.

Argued Oct. 22, 1902. Appeal, No. 99, Oct. T., 1902, by Sallie O. Bennett, from judgment of C. P. No. 4, Phila. Co., Sept. T., 1899, No. 609, dismissing exceptions to auditor's report, in estate of Joseph S. Campbell Chocolate Company, Limited. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Exceptions to report of Samuel M. Clement, Jr., Esq., auditor.

The opinion of the Superior Court states the case.

*Errors assigned* were in dismissing exceptions to auditor's report.

*Francis Chapman*, with him *S. Spencer Chapman*, for appellant, cited: Platt v. Johnson, 168 Pa. 47; Interstate Mutual Fire Ins. Co. v. Brownback & Co., Ltd., 1 Pa. Superior Ct. 183 ; Yaryan Co. v. Penna. Glue Co., 180 Pa. 480; MacGeorge v. Harrison Chemical Mfg. Co., 141 Pa. 575.

*Samuel P. Tull*, for appellees.

OPINION BY WILLIAM W. PORTER, J., November 19, 1902 : .This is an appeal taken by Sallie O. Bennett from the decree of the court rejecting her claim sur the report of an auditor in the matter of the account of the assignee for creditors of the Joseph F. Campbell Chocolate Company, Limited. The claim is for rent for a part of the premises at 923 Locust street, Philadelphia, from January 1, 1900, to January 1, 1901. The written lease was made by the claimant through her agent to Joseph S. Campbell, and William H. Marple on May 5, 1898, for three years. The premises were to be used as a candy factory. The lessees, it will be noted, were two individuals. The day following the execution of the lease they conceived, through the suggestion of counsel, the notion of conducting their projected business, as a limited partnership. The papers accomplishing this purpose were duly executed,—Laura B. Campbell, a third party taking an interest in the organization. The name given

the concern was "The Joseph S. Campbell Chocolate Company, Limited," and by the articles of association the premises 923 Locust street were named as the intended place of business. The limited partnership went into possession by verbal permission of the two individual lessees. The partnership made no agreement with the lessor of the premises. The rent from time to time was paid by the check of the limited partnership.

The claim of Sallie O. Bennett was for a preference out of the estate of the limited partnership for rent for a period of occupancy subsequent to vacation, but within the term. The only witnesses called by the claimant were the lessees, Campbell and Marple. They explicitly denied that the limited partnership was in contemplation when the lease was signed by them. They averred that the rent was paid by the use of the check of the partnership merely to avoid handling the money twice ; that the landlord never requested a lease to be executed by the limited partnership; that the partnership never authorized by resolution or otherwise the leasing of the premises. These witnesses both asserted their individual responsibility and denied the liability of the limited partnership for the rent. This is a somewhat anomalous condition. The purpose of a limited partnership is usually to restrict personal liability. Here we find two out of three of the partners affirmatively asserting their individual liability and the nonliability of the partnership.

Upon all of the evidence we are of the opinion that the finding of the auditor, approved by the court below, should be affirmed. His finding is as follows: " The evidence before the auditor was that the limited association never ratified the lease and never assumed any liability for the payment of the rent except as subtenants. That they paid the rent up until the date of the assignment, and during that time their assets would have been liable to levy for rent as subtenants. The auditor finds that there was no contract made between the limited association and the claimant, Sallie O. Bennett, but that there was a contract between William H. Markle and Joseph S. Campbell and the said Sallie O. Bennett, and that they individually are responsible under the terms of the lease for the rent which became due after the assignment by the association."

The appeal is dismissed and the decree is affirmed